UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| ONE (1) BERSA BP9CC PISTOL, SERIAL NO.: K46195; | ) |
| | ) |
| ONE (1) GLOCK GMBH 22 PISTOL, SERIAL NO.: HVN514; | ) |
| | ) |
| ONE (1) ZASTAVA ZPAP92 PISTOL, SERIAL NO.: Z92-079472; | ) |
| | ) |
| ONE (1) BERSA THUNDER 380 PLUS PISTOL, SERIAL NO.: K45465; and | ) |
| | ) |
| MULTIPLE ROUNDS OF ASSORTED AMMUNITION | ) |
| | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT OF FORFEITURE

COMES NOW, Plaintiff, United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney for said district, and for its Verified Complaint for Forfeiture states as follows:

### NATURE OF THE ACTION

1. This is a civil action *in rem* brought by the United States of America seeking forfeiture of all right, title and interest in the above captioned defendant property pursuant to Title 18, United States Code, Section 924(d)(1).

2. The defendant property was seized by law enforcement on October 28, 2020, and January 13, 2021, and is more fully described as: one Bersa BP9CC pistol, SN: K46195, one Glock GMBH 22 pistol, SN: HVN514, one Zastava ZPAP92 pistol, SN: Z92-079472, one Bersa Thunder 380 Plus pistol, SN: K45465 and multiple rounds of assorted ammunition (together the "Defendant Property").

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.

4. Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri.  Venue is also proper pursuant to Title 28, United States Code, Section 1395(b) because the defendant currency was seized in the Eastern District of Missouri.

## STATUTORY FRAMEWORK

5. Title 18, United States Code, Section 922(g)(1) makes it unlawful for a person to possess a firearm if they have been convicted in a court of law of one or more crimes punishable by a term of imprisonment exceeding more than one year.

6. Title 18, United States Code, Section 922(d)(1) makes it unlawful for a person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment exceeding more than one year.

7. Pursuant to Title 18, United States Code, Section 924(d)(1), any firearm or ammunition involved in or used, or intended to be used, in a violation of Title 18, United States Code, Sections 922(g)(1) or 922(d)(1), is subject to civil forfeiture.

## FACTS GIVING RISE TO FORFEITURE

8. On October 28, 2020, law enforcement officers conducted a lawful traffic stop of a gold 2005 Acura TL (the "Acura") in the Baden neighborhood of St. Louis, Missouri, within the Eastern District of Missouri.

9. Brian Herd ("Herd") was the driver of the Acura and Jamell Killiebrew ("Killiebrew") was in the front passenger seat.

10. As officers approached the Acura, officers detected a strong odor of marijuana emanating from the Acura and asked Herd to exit the vehicle.

11. A search of Herd's person revealed a loaded Bersa PP9cc 9mm pistol, SN: K46195 in his right front pocket.

12. Killiebrew told officers he also had a firearm on his person. As Killiebrew stepped out of the Acura, a loaded black Sarsilmaz SAR9 9mm handgun fell out of a bag from around his waist. Officers also discovered a clear, knotted plastic baggie containing marijuana on Killiebrew's person.

13. Officers then searched the Acura and located a loaded Century Arms RAS47 pistol on the driver's side back floorboard and a loaded Glock GMBH 22 pistol, SN: HVN514, hidden in the vehicle's sunroof cover. The Glock 22 handgun was equipped with functioning laser light that emitted a blue beam.

14. Officers completed a records check and discovered that Herd was a convicted felon and that he had two active warrants for his arrest.

15. Herd and Killiebrew were advised of their Miranda rights and they both stated that they understood them.

16. Killiebrew claimed ownership of the Century Arms pistol and the Sarsilmaz SAR9

9mm handgun.

17. Officers asked Herd where he obtained the Bersa PP9cc 9mm handgun that was discovered on his person. Herd stated his wife bought the firearm. Herd told the officers that he knew that he was a convicted felon who cannot possess a firearm, but he feared for his safety so he needed a firearm for protection. Officers asked about the Glock 22 handgun that was discovered in the sunroof cover and Herd said that he had been keeping the firearm there. Herd also told the officers that he was upset that he was not going to be able to play with the blue beam of his Glock 22 handgun anymore.

18. Herd completed a written statement stating that he needs firearms for protection.

19. Herd was properly arrested for his outstanding warrants and the unlawful possession of a firearm.

20. The Defendant Property that was seized pursuant to the traffic stop consists of firearms that had been transported across a state line and therefore traveled in interstate commerce at some time during or before October 28, 2020.

21. On December 10, 2020, Herd was charged by Indictment for being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g) related to the October 28, 2020 traffic stop.

22. On December 27, 2020, Herd made a public post on Facebook that included a picture of himself standing next to the Acura and holding a Zastava ZPAP92 pistol.

23. On January 13, 2021, federal agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), arrived at Herd's residence in St. Louis, Missouri, to arrest him pursuant to his federal charge.

24. Agents observed Herd enter the parking lot of his residence in a black Jeep Patriot

("Jeep"), exit the Jeep and enter his residence.

25. When agents approached the residence, Aariyon White ("White") answered the door. Herd was observed in the living room.

26. Agents asked White about the Jeep and she said it belongs to her. White stated that Herd was driving the Jeep because his Acura was at a mechanic's shop.

27. White told agents that she was married to Herd and that they had been living in the residence together since 2016.

28. Agents asked White if there were any firearms in the residence. White stated there were two firearms in their bedroom. White said her firearm was in her dresser drawer and Herd's firearm was on the left side of the bed.

29. White told agents that she purchased the firearms for herself and Herd.

30. White told agents that she knew that Herd is a convicted felon and that he had spent three years in prison.

31. White consented to a search of the residence.

32. During the search, agents discovered multiple firearms in the main bedroom. Specifically, agents discovered a Zastava ZPAP92 pistol, SN: Z92-079472, between the mattress and the bed frame on the left side of the bed.

33. Agents also discovered underneath the bed a black Nike shoe box that contained a loaded fifty round Glock drum magazine, a loaded thirty-one round Glock magazine, a loaded fifteen round Glock magazine, a loaded unknown round count Bersa magazine, a loaded P-Mag thirty round count rifle magazine, several plastic bags full of assorted ammunition, several boxes containing assorted ammunition, and one rifle vertical foregrip with an attached flashlight.

34. Agents also discovered a Bersa Thunder 380 Plus pistol, SN: K45465, in the top

right dresser drawer next to men's clothing.

35. Finally, agents discovered a MCK pistol-to-shoulder firearm conversion kit in the closet.

36. Agents read Herd his Miranda rights and he stated he understood his rights.

37. Agents told Herd he was being arrested due to the traffic stop that took place on October 28, 2020. Herd told agents that two of the firearms seized during the traffic stop belonged to the passenger and two of the firearms belonged to White.

38. Herd stated that he handled the firearms that he claimed belonged to White and that he also paid a gunsmith to install the blue laser light beam on the Glock 22 handgun.

39. Herd also told agents that he knew he is a convicted felon and that he is not able to possess firearms.

40. When agents asked Herd about the firearms discovered in his residence, Herd told the agents that he told White to purchase them. Herd also told agents that he handled the firearms in the gun store when White purchased them.

41. On February 9, 2022, Herd pled guilty to being a felon in possession of a firearm related to the October 28, 2020, traffic stop.

42. The Defendant Property that was seized pursuant to Herd's arrest consists of firearms that had been transported across a state line and therefore traveled in interstate commerce at some time during or before January 13, 2021.

## COUNT ONE – FORFEITURE
### 18 U.S.C. § 924(d)(1)

43. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 42 above as if fully set forth herein.

44. Brian Herd is a convicted felon. Two firearms were discovered in his possession on

October 28, 2020, and two more firearms were discovered in his possession on January 13, 2021. Specifically, the Defendant Property was discovered in various locations throughout Brian Herd's vehicle and bedroom. Herd admitted to law enforcement that he was aware it was unlawful for him to be in possession of a firearm due to the fact that he had previously been convicted of at least one felony crime, which is punishable by imprisonment for a term exceeding one year.

45. Based on the foregoing, the defendant property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), any firearm or ammunition involved in or used, or intended to be used, in a violation of Title 18, United States Code, Section 922(g)(1).

### COUNT TWO – FORFEITURE
### 18 U.S.C. § 924(d)(1)

46. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 42 above as if fully set forth herein.

47. The Defendant Property was purchased by Aariyon White and was found in the possession of Brian Herd, who is a convicted felon. Aariyon White admitted to law enforcement that she purchased firearms for Brian Herd. Aariyon White further admitted to law enforcement that she knew that Brian Herd was a convicted felon and that he had spent three years in prison.

48. Based on the foregoing, the Defendant Property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), as any firearm or ammunition involved in or used, or intended to be used, in a violation of Title 18, United States Code, Section 922(d)(1).

### PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued in rem for the Defendant Property and the Defendant Property be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of

America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

        Respectfully submitted,

        SAYLER A. FLEMING
        United States Attorney

        */s/ Kyle T. Bateman*
        KYLE T. BATEMAN, #996646(DC)
        Assistant United States Attorney
        111 South 10th Street, Suite 20.333
        Saint Louis, Missouri 63102
        Telephone:    (314) 539-2200
        Facsimile:    (314) 539-2777
        Kyle.Bateman@usdoj.gov

**VERIFICATION**

I, Timothy Jones II, hereby verify and declare under penalty of perjury that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 02/22/2022
         (date)



TIMOTHY JONES
Digitally signed by TIMOTHY JONES
Date: 2022.02.18 16:51:12 -06'00'

TIMOTHY JONES II
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives